**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **GINA BOGGS and** | : |
| **JEFFERY BOGGS** | : |
| plaintiffs | : |
| | : |
| vs. | : |
| | : |
| **STENGER & STENGER, P.C.** | : |
| c/o CT Corporation | : Case No. 1:17cv 81 |
| 1300 East Ninth St. | : |
| Cleveland, OH 44114 | : **Judge** |
| | : |
| and | : **U.S. Magistrate** |
| | : |
| **ANTHONY HUSPASKA** | : |
| 2618 East Paris Ave. S.E. | : |
| Grand Rapids, MI 49546 | : |
| | : |
| and | : |
| | : |
| **ROBERT HENGGE** | : |
| 2618 East Paris Ave. S.E. | : |
| Grand Rapids, MI 49546 | : |
| | : |
| and | : |
| | : |
| **LVNV FUNDING LLC.** | : |
| c/o Corporation Service Co. | : |
| 50 West Broad St. | : |
| Suite 1330 | : |
| Columbus, OH 43215 | : |
| defendants | : |

**Complaint Seeking to Impose Individual Liability Under the Fair Debt
Collection Practices Act (15 U.S.C.§1692) & Ohio Consumer Sales Practices Act
(O.R.C. §1345.01; Statutory & Actual Damages for Deceptive, Unfair &
Unconscionable Debt Collection Practices; Attorney Fees & Jury Demand**

## Claim One
## Count I
## [fdcpa]

### Jurisdiction

1.  This claim is brought by Plaintiff, Gina Boggs, against all of the Defendants listed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [hereinafter referred to as the "Act"].

2.  This claim is for both statutory and actual damages brought by Plaintiff for Defendants' violations of the Act, which expressly prohibits a debt collector from engaging in any abusive, unconscionable, deceptive or unfair debt collection practices.

3.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

### Parties

4.  Plaintiff, **Gina Boggs,** [hereinafter referred to as **"Boggs"** or **"plaintiff"**] is, and was at all times relevant herein, a "consumer" as defined in the Act, 15 U.S.C. §1692a(3) and who, at all times referenced herein, was and is a resident of Lawrence County, Ohio. Plaintiff was, at one time, allegedly obligated to pay a debt which debt was allegedly purchased by defendant, LVNV Funding, LLC. from Credit One Bank [hereinafter referred to as either the "account" or "debt"].

5. Defendant, **LVNV Funding LLC [**hereinafter referred to individually as **"LVNVs"** and collectively as "defendants"**]** is a foreign Limited Liability Corporation principally located in the state of Nevada and incorporated in Delaware but which operates and transacts business in Ohio and other jurisdictions and which specializes in the purchase of and collection of distressed consumer debt consisting of old defaulted and delinquent obligations or accounts which it claims to purchase from original creditors or other distressed debt buyers at a discount and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. §1692a.(6).

6. Defendant, **Stenger & Stenger** [hereinafter referred to individually as "Stenger" and collectively as "defendants"] is a foreign corporation and a lawfirm principally located in the state of Michigan which, in the ordinary course of its business, files suits on behalf of creditors in Ohio and in other jurisdictions and which specializes in the collection of consumer debt and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. §1692a.(6).

7. Defendant, Anthony Huspaska,[hereinafter "Huspaska" and collectively as "Defendants"], is either an attorney and an employee or member of Defendant Stenger. He uses instrumentalities of interstate commerce or the mails in his business, the principal purpose of which is the collection of debts; he also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. He is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant, Robert Hengge,[hereinafter "Hengge" and collectively as "Defendants"], is either an attorney and an employee or member of Defendant Stenger. He uses instrumentalities of interstate commerce or the mails in his business, the principal purpose of which is the collection of debts; he also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. He is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Defendants regularly engage in and transact business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Ohio and are subject to the jurisdiction of this Court.

10. The debt in question, if owed by the plaintiff, was incurred for personal, household or family purposes.

11. At all times referenced herein, defendants Stenger, Huspaska & Hegge were acting on behalf of and at the direction of defendant, LVNV.

## Specific Factual Allegations

12. Defendants filed suit against the Plaintiff on an account allegedly belonging to Defendant, LVNV Funding, LLC., in the Ironton Municipal Court in case no. CVF-16-370 on November 7, 2016 and plaintiff was personally served on November 8, 2016.

13. Plaintiff filed a timely response in the form of a Motion for Definite Statement pursuant to Ohio Civil Rule 12(E) on December 6, 2016 and served a copy of said motion on Defendants that same day by U.S. mail which was received shortly thereafter.

14. In spite of this, without waiting for a ruling on Plaintiff's motion, Defendants moved for default judgment on January 6, 2017.

15. Additionally, in their motion Defendants made no reference to the existence of Plaintiff's Motion for Definite Statement and falsely represented in their motion for default that "Defendant(s) has/have not filed responsive pleadings or otherwise defended this action as provided by the Ohio Rules of Civil Procedure" when, in fact, she had.

16. Defendants received and were in possession of a copy of Plaintiff's Motion for Definite Statement at the time they filed their Motion for Default Judgment.

17. Without limiting the scope of any violation which may have also been committed, defendants' conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Fair Debt Collection Practices Act:

    (a) the taking of action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

    (b) the utilization of false, deceptive or unconscionable means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e. & 15 U.S.C. § 1692f.; and,

    (c) the abuse and mis-use of the judicial process and judicial system.

### Claim One
### Count II
### [Ohio Consumer Sales Practices Act]

### Jurisdiction

18. This claim is brought by Plaintiff, Gina Boggs, pursuant to the Ohio Consumer Sales Practices Act (hereinafter "OCSPA" or the "Act") Ohio Rev. Code ("O.R.C.") § 1345.01.01,*et. seq*.

19. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C. § 1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

**Parties**

20. The parties are the same as those alleged in count I.

21. Plaintiff is a "consumer" as defined in O.R.C. § 1345.01(D).

22. Defendants are "suppliers" as defined in O.R.C. § 1345.01(C ) in that, subsequent to the consummation of a consumer transaction, Defendants engaged in the conduct of attempting to collect a debt on behalf of a creditor.

**Allegations**

23. Plaintiff hereby incorporates by reference each and every allegation of paragraphs 9-17 of claim one as if fully rewritten herein.

24. Without limiting the scope of any violation which may have been committed by the defendants, Plaintiff alleges that the Defendants generally engaged in conduct which constituted deceptive, unfair or unconscionable acts in violation of O.R.C. §1345.02(A) & O.R.C. §1345.03(A):

25. That the subject of a consumer transaction had sponsorship, approval, performance characteristics, accessories, uses, or benefits that it didn't have in violation of O.R.C.§1345.02(B)(1);

26. That the subject of a consumer transaction was available for a reason that didn't exist in violation of O.R.C.§1345.02(B)(4);

27. That the defendant had sponsorship, approval, or affiliation that it didn't have in violation of O.R.C.§1345.02(B)(9);

28. That a consumer transaction involved or didn't involve either a warranty, a disclaimer of warranties or other rights, remedies, or obligations when the representation was false in violation of O.R.C.§1345.02(B)(10);

29. Plaintiff is, therefore, entitled under the Act elect to recover statutory damages and actual damages as well as the potential for treble actual damages if Plaintiff is able to prove that the act or practice alleged to be unlawful was an act or practice previously declared by a court of this state to be deceptive, unfair or unconscionable.

## Claim Two
## Count I
## [fdcpa]

### Jurisdiction

30. This claim is brought by Plaintiff, Jeffery Boggs, against all of the Defendants listed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [hereinafter referred to as the "Act"].

31. This claim is for both statutory and actual damages brought ntiff for Defendants' violations of the Act, which expressly prohibits a debt collector from engaging in unconscionable, deceptive and unfair debt collection practices.

32. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

### Parties

33. Plaintiff, **Jeffery Boggs,** [hereinafter referred to as **"Boggs"** or **"plaintiff"**] is, and was at all times relevant herein, a "consumer" as defined in the Act, 15 U.S.C. §1692a(3) and who, at all times referenced herein, was and is a resident of Lawrence County, Ohio. Plaintiff was, at one time, allegedly obligated to pay a debt which debt was allegedly purchased by defendant, LVNV Funding, LLC. from Credit One Bank [hereinafter referred to as either the "account" or "debt"].

34. Defendant, **LVNV Funding LLC [**hereinafter referred to individually as **"LVNV"** and collectively as "defendants"**]** is a foreign Limited Liability Corporation principally located in the state of Nevada and incorporated in Delaware but which operates and transacts business in Ohio and other jurisdictions and which specializes in the purchase of and collection of distressed consumer debt consisting of old defaulted and delinquent obligations or accounts which it claims to purchase from original creditors or other distressed debt buyers at a discount and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

35. Defendant, **Stenger & Stenger** [hereinafter referred to individually as "Stenger" and collectively as "defendants"] is a foreign corporation and a lawfirm principally located in the state of Michigan which, in the ordinary course of its business, files suits on behalf of creditors in Ohio and in other jurisdictions and which specializes in the collection of consumer debt and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

36. Defendant, Anthony Huspaska,[hereinafter "Huspaska" and collectively as "Defendants"], is either an attorney and an employee or member of Defendant Stenger. He uses instrumentalities of interstate commerce or the mails in his business, the principal purpose of which is the collection of debts; he also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. He is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

37. Defendant, Robert Hengge,[hereinafter "Hengge" and collectively as "Defendants"], is either an attorney and an employee or member of Defendant Stenger. He uses instrumentalities of interstate commerce or the mails in his business, the principal purpose of which is the collection of debts; he also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. He is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

38. Defendants regularly engage in and transact business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Ohio and are subject to the jurisdiction of this Court.

39. The debt in question, if owed by the plaintiff, was incurred for personal, household or family purposes.

40. At all times referenced herein, defendants Stenger, Huspaska & Hengge were acting on behalf of and at the direction of defendant, LVNV.

### Specific Factual Allegations

41. Defendants filed suit against the Plaintiff on an account allegedly belonging to Defendant, LVNV Funding, LLC., in the Ironton Municipal Court in case no. CVF-16-372 on November 7, 2016 and plaintiff was personally served on November 8, 2016.

42. Plaintiff filed a timely response in the form of a Motion for Definite Statement pursuant to Ohio Civil Rule 12(E) on December 6, 2016 and mailed a copy of said motion to Defendants that same day which was received shortly thereafter.

43. In spite of this, without waiting for a ruling on Plaintiff's motion, Defendants moved for default judgment on January 6, 2017.

44. Additionally, in their motion Defendants made no reference to the existence of Plaintiff's Motion for Definite Statement and falsely represented in their motion for default that "Defendant(s) has/have not filed responsive pleadings or otherwise defend this action as provided by the Ohio Rules of Civil Procedure."

45. Defendants received and were in possession of a copy of Plaintiff's Motion for Definite Statement at the time they filed their Motion for Default Judgment.

46. Without limiting the scope of any violation which may have been committed, defendants' conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Fair Debt Collection Practices Act:

(a) the taking of action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

(b) the utilization of false, deceptive or unconscionable means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e. & 15 U.S.C. § 1692f.; and,

(c) the abuse and mis-use of the judicial process and judicial system.

**Claim Two**
**Count II**
**[Ohio Consumer Sales Practices Act]**

**Jurisdiction**

47. This claim is brought by Plaintiff Gina Boggs pursuant to the Ohio Consumer Sales Practices Act (hereinafter "OCSPA" or the "Act") Ohio Rev. Code ("O.R.C.") § 1345.01.01,*etseq*.

48. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C. § 1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

**Parties**

49. The parties are the same as those alleged in count I.

50. Plaintiff is a "consumer" as defined in O.R.C. § 1345.01(D).

51. Defendants are "suppliers" as defined in O.R.C. § 1345.01(C ) in that, subsequent to the consummation of a consumer transaction, Defendants engaged in the conduct of attempting to collect a debt on behalf of a creditor.

**Allegations**

52. Plaintiff hereby incorporates by reference each and every allegation of paragraphs 41-46 of count I as if fully rewritten herein.

53. Without limiting the scope of any violation which may have been committed by the defendants, Plaintiff alleges that the Defendants generally engaged in conduct which constituted deceptive, unfair or unconscionable acts in violation of O.R.C. §1345.02(A) & O.R.C. §1345.03(A):

54. That the subject of a consumer transaction had sponsorship, approval, performance characteristics, accessories, uses, or benefits that it didn't have in violation of O.R.C.§1345.02(B)(1);

55. That the subject of a consumer transaction was available for a reason that didn't exist in violation of O.R.C.§1345.02(B)(4);

56. That the defendant had sponsorship, approval, or affiliation that it didn't have in violation of O.R.C.§1345.02(B)(9);

57. That a consumer transaction involved or didn't involve either a warranty, a disclaimer of warranties or other rights, remedies, or obligations when the representation was false in violation of O.R.C.§1345.02(B)(10);

58. Plaintiff is, therefore, entitled under the Act elect to recover statutory damages and actual damages as well as the potential for treble actual damages if Plaintiff is able to prove that the act or practice alleged to be unlawful was an act or practice previously declared by a court of this state to be deceptive, unfair or unconscionable.

**Prayer for Relief**

Plaintiffs pray for the following relief:

a. in Claim One Count I for statutory and actual damages as may awarded by the Court;

b. in Claim One Count II for actual and statutory damages with the potential for treble damages.

c. in Claim Two Count I for statutory and actual damages as may awarded by the Court;

d. in Claim Two Count II for actual and statutory damages with the potential for treble damages.

e. in all claims for reimbursement of reasonable attorney fees for all services performed as well as reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

f. For a trial by jury on all appropriate issues; and

g. For any and all other relief this Court may deem appropriate.

                Respectfully submitted by:

                ***/s/Steven C. Shane***
                Steven C. Shane (0041124)
                Trial Attorney for Plaintiffs
                P.O. Box 73067
                Bellevue, Ky. 41073
                (859) 431-7800
                (859) 431-3100 facsimile
                shanelaw@fuse.net